IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William C. Barker,<br><br>           Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-12-08063-PCT-FJM (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

      Petitioner William C. Barker, who is confined in the Arizona State Prison, Cerbat Unit, in Kingman, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**BACKGROUND**

      On July 26, 2007, Petitioner was indicted and charged in Mohave County Superior Court, Case No. CR-2007-1123, with two counts of Aggravated Assault and one count of Resisting Arrest. (Doc. 15-1, Exh. B.) After a two-day trial, on July 28, 2009, a jury found Petitioner guilty of the offense of Resisting Arrest, in violation of Section 13-2508 of the Arizona Revised Statutes. (Doc. 15-1, Exh. C.) The facts giving rise to Petitioner's conviction, occurring on July 21, 2007, is summarized by the Arizona Court of Appeals as follows:

> Officer Miller came upon Barker and a woman arguing loudly in the roadway. Barker told Officer Miller he got into an argument with the woman and threw a pair of sunglasses at her. Officer Miller detected alcohol on Barker's breath. The officer believed he had probable cause to arrest Barker for disorderly conduct. After Barker refused three times to turn around and be placed in handcuffs, Officer Miller reached out with one hand to get Barker to turn around, but Barker pulled away. Officer Miller then reached out with both hands and again told Barker to turn around so he could handcuff him; Barker broke free.
>
> Officer Morris arrived on the scene and saw that Barker appeared to be resisting arrest. He executed an "impact push," and all three men ended up on the ground. As Officer Miller tried to gain control of Barker's wrists, Officer Morris announced he was going to use a Taser on Barker. Officer Morris told Barker numerous times to lie down and put his hands behind his back or the Taser would be used. As Barker was walking toward his truck, Officer Morris shot his Taser. Barker turned around and grabbed the Taser wires, broke them, and ran at Officer Morris in a tackling position. When Barker had his arms wrapped around Officer Morris, Officer Miller grabbed Barker's arm, and all three men again fell to the ground. The two officers struggled with Barker until Officer Doughty arrived to help handcuff Barker.

(Doc. 15-1 at 92-93.)[1] On August 21, 2009, the trial court sentenced Petitioner to a term of three years of probation. (Doc. 15-1, Exh. D and E.)

On August 21, 2009, Petitioner filed a timely Notice of Appeal in the Arizona Court of Appeals. (Doc. 15-1, Exh. G.) On October 5, 2010, Petitioner, through counsel, filed an opening brief (Doc. 15-1, Exh. H) in which he raised one ground for relief. Specifically, Petitioner challenged the jury's finding on the statutory element of "effecting an arrest,"[2] arguing that he could not have been found to have resisted arrest because he was not placed under arrest. After briefing was completed, the Arizona Court

---

[1] While Petitioner articulates numerous challenges to the state courts' actions throughout his criminal proceedings, he does not appear to contest the appellate court's recitation of the facts. Therefore, the Court presumes the state court's factual determinations are correct because Petitioner has not "rebut[ed] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

[2] A person commits the offense of resisting arrest by "intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by ... [u]sing or threatening to use physical force against the peace officer or another." A.R.S. § 13–2508(A)(1), (2).

of Appeals issued a Memorandum Decision on April 21, 2011, in which it affirmed Petitioner's conviction and sentence. (Doc. 15-1, Exh. J.)

Petitioner moved for reconsideration, which the Arizona Court of Appeals denied. (Doc. 15-1 at 100.) Petitioner did not seek review by the Arizona Supreme Court, and on June 6, 2011, the Court of Appeals entered its formal mandate. (Doc. 1 at 3; Doc. 15-1, Exh. K.) On September 16, 2011, Petitioner moved for an extension of time to file a petition for review (Doc. 15-1, Exh. M), which was denied on September 22, 2011 (Doc. 15-1, Exh. O). Petitioner did not petition the state courts for post-conviction relief. (Doc. 1 at 3.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on April 4, 2012. (Doc. 1). Respondents filed a Limited Answer on October 16, 2012 (Doc. 15), to which Petitioner filed a Reply on November 5, 2012 (Doc. 18).

## DISCUSSION

Petitioner raises four grounds for relief. In Ground One, Petitioner claims that he was denied due process when he was assaulted by an arresting officer, the state court lacked jurisdiction, he was unlawfully arrested under state law and was not given Miranda warnings, he was denied a probable cause hearing, the prosecutor improperly proceeded before the grand jury, his counterclaim was summarily rejected, he was denied a speedy trial, and the trial court precluded presenting state law governing a proper arrest to the jury. In Ground Two, Petitioner alleges "obstruction of justice and fraud" arising from improper grand jury proceedings, denial of a probable cause hearing, denial of access to the grand jury proceedings transcript, denial of a hearing on his counterclaim, the State's unlawful attempt to amend the indictment, the improper prosecution on lesser charges, denial of accesses to evidence, preclusion of evidence from the jury, and counsel not receiving a complete set of transcripts. In Ground Three, Petitioner alleges "misprision of treason/perjury" based upon false testimony and concealment by the State and the court at trial regarding the method of arrest by an officer without a warrant. Lastly, in Ground Four, Petitioner alleges a claim of malicious prosecution, evidenced by

errors in the grand jury proceedings, influence over lower court, refusal to provide discovery, concealment of state law, perjury by the prosecutor and trial court, an absence of administration of justice, and an aggravated sentence in a subsequent prosecution.

In their Answer, Respondents argue that Petitioner failed to exhaust his state-court remedies and that his claims are procedurally defaulted. Respondents argue that because Petitioner cannot establish the requisite cause and prejudice or a fundamental miscarriage of justice, he is not entitled to federal habeas review of these procedurally defaulted claims. Respondents also argue in the alternative that his claims are not cognizable on federal habeas review.

## I.     Jurisdiction

Amidst his state criminal proceedings for resisting arrest in CR-2007-1123, Petitioner was indicted on a new unrelated charge (CR-2007-1803). (Doc. 15-1, Exh. R.) Petitioner was convicted of that charge, and was found by a jury to have committed the offense while on release for a separate felony offense, i.e., resisting arrest in CR-2007-1123. (Doc. 15-1, Exh. U.) Consequently, Petitioner's conviction in CR-2007-1123 served as a sentencing enhancement in CR-2007-1803, increasing his term of imprisonment by two years. Petitioner challenges his current incarceration based upon his conviction for resisting arrest, because it served as the basis for the sentencing enhancement.[3]

This Court has jurisdiction to entertain petitions for habeas relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). As previously addressed by the Court (Doc. 10), the United States Supreme Court has interpreted § 2254(a) "as requiring that a habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," although he need not be physically confined to challenge a sentence on habeas corpus. Maleng v. Cook, 490

---

[3]     Petitioner reiterates in his Reply that he challenges his custody only on the basis of his conviction in CR-2007-1123. (Doc. 18 at 1.)

-4-

U.S. 488, 491 (1989).

To the extent that Petitioner challenges his conviction in CR-2007-1123, his current term of imprisonment does not convey habeas jurisdiction upon this Court, because "the collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. at 492. However, his probation is sufficient to satisfy the "in custody" requirement for purposes of habeas. Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (petitioner was "in custody" while he remained subject to probation under the conviction or sentence at the time he filed his habeas petition); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 (9th Cir. 2005). Petitioner commenced the three-year term of probation imposed in CR-2007-1123 on August 21, 2009 (Doc. 15-1, Exh. D and E), and therefore was subject to that term at the time of filing his habeas petition on April 4, 2012 (Doc. 1). The transcript of sentencing in CR-2007-1803 (Doc. 15-1, Exh. V) does not reflect that Petitioner's probation was revoked or otherwise modified in CR-2007-1123. Cf. Ariz. R. Crim. P. 27.8(e) ("[i]f there is a determination of guilt… of a criminal offense by a probationer in the court having jurisdiction over the probation matter… the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense.").

## II.     Exhaustion and Procedural Default

### A.     Legal Standard

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

First, a petitioner must present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

In addition to presenting his claims to the proper court, a state prisoner must fairly present those claims to the state court to satisfy the exhaustion requirement. A claim has been "fairly presented" if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). The habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. Lyons v. Crawford, 232 F.3d at 669; Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Likewise, a mere reference to the "Constitution of the United States" does not preserve a federal claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996). It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim

was raised. Baldwin v. Reese, 541 U.S. 27, 28 (2004). A state prisoner does not fairly present a claim to the state court if the court must read beyond the pleadings filed in that court to discover the federal claim. Baldwin, 541 U.S. at 27. "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005).

      A habeas petitioner's claims may be procedurally defaulted and precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court, but found by that court to be defaulted on state procedural grounds such as waiver or preclusion. Beard v. Kindler, 558 U.S. 53 (2009); Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). Arizona courts have been consistent in their application of procedural default rules. Stewart v. Smith, 536 U.S. 856, 860 (2002) (holding that Ariz.R.Crim.P. 32.2(a) is an adequate and independent procedural bar); Cook v. Schriro, 538 F.3d 1000, 1026 (9th Cir. 2008) (stating that "[p]reclusion of issues for failure to present them at an earlier proceeding under Arizona Rule of Criminal Procedure 32.2(a)(3) 'are independent of federal law because they do not depend upon a federal constitutional ruling on the merits.'") (footnote omitted) (quoting Stewart v. Smith, 536 U.S. at 860); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998)). Second, a claim may be procedurally defaulted in federal court if petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state courts' procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 916 P.2d 1035, 1048-53 (Ariz. 1996); Ariz.R.Crim.P. 32.2(a) & (b); 32.1(a)(3) (post-conviction review is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. Beaty v. Stewart, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness

under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)). This type of procedural default is known as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. Coleman v. Thompson, 501 U.S. at 732.

If a petitioner can demonstrate cause and prejudice for the procedural default, the defaulted claim will not be barred from federal review. See Id. at 750; United States v. Frady, 456 U.S. 152, 167-68 (1982). To establish "cause," a petitioner must show that "some objective factor external to the defense impeded [his or her] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). For example, a petitioner might demonstrate cause by showing: (1) that the factual or legal basis for a claim was not reasonably available to petitioner; (2) some interference by officials made compliance impracticable; or (3) the default was the result of ineffective assistance of counsel. See Murray v. Carrier, 477 U.S. at 488; Cook v. Schriro, 538 F.3d at 1027. In order to show "prejudice," the petitioner must show not merely that the error created a possibility of harm, but that the error worked to his actual and substantial disadvantage, infecting the entire trial with constitutional error. See Magby v. Wawrzaszek, 741 F.2d 240, 244 (9th Cir. 1984); United States v. Frady, 456 U.S. at 170. Where a petitioner fails to establish cause, the court need not reach the prejudice prong.

Alternatively, a federal court may also review the merits of a procedurally defaulted claim if the petitioner demonstrates that the failure to consider the merits of the claim will result in a "fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 327 (1995); Cook v. Schriro, 538 F.3d at 1028. A fundamental miscarriage of justice occurs if the petitioner can show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496. A state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. at 327.

### B.     Grounds One through Four

Petitioner concedes that he did not raise Grounds One through Four on direct appeal, and a return to state court would be futile.[4] (Doc. 18 at 3, 10.) As a result, his claims are technically exhausted and procedurally defaulted. Petitioner argues however, that the Court should excuse this default because he received ineffective assistance of appellate counsel who failed to properly raise these claims on direct appeal. He further contends that he was deprived of an opportunity to challenge counsel's performance on appeal, because he was not timely apprised of the decision affirming his conviction.

The Court finds that Petitioner has not demonstrated cause to overcome his default. First, Petitioner did not present a claim challenging appellate counsel's performance in state court. A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. See Murray v. Carrier, 477 U.S. at 489; see also Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000) (holding that ineffective assistance of counsel claim can be procedurally barred even when asserted as cause to excuse another procedural default).

Second, Petitioner's late notification does not excuse his failure to exhaust a claim of ineffective assistance of appellate counsel, because the proper channel to raise that claim was in a state petition for post-conviction relief. The Arizona Court of Appeals issued its mandate on June 6, 2011. Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, Petitioner had 30 days from that date, until July 6, 2011, in which to file a petition for post-conviction relief. Because Petitioner was notified on June 3, 2011 concerning the outcome of his appeal (Doc. 15-1, Exh. L), lack of notice did not impede his ability to timely file a *pro se* post-conviction relief petition. To the extent that Petitioner may contend that the Court should overlook any default due to a lack of legal

---

[4] A return to state court would be futile under Arizona's procedural rules. The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure, and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

-9-

sophistication, this argument has been repeatedly rejected by the courts. See Schneider v. McDaniel, 674 F.3d 1144, 1153-1154 (9th Cir. 2012).

Lastly, the record does not demonstrate that a review of the merits of these claims is necessary to prevent a fundamental miscarriage of justice. Petitioner has not offered any supporting evidence of actual innocence. See Cook v. Schriro, 538 F.3d at 1028 (for a claim of actual innocence, rather than legal insufficiency, petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial."); Schlup v. Delo, 513 U.S. at 324. The Court therefore concludes that Petitioner has not presented cause for his failure to exhaust, or that a miscarriage of justice would result to excuse the procedural default. Accordingly, the Court will recommend that Grounds One through Four be denied.

## CONCLUSION

Having determined that the claims presented in Petitioner's habeas petition are procedurally barred, the Court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

Dated this 20th day of February, 2013.

Honorable Steven P. Logan
United States Magistrate Judge