**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William C. Barker,              ) | No. CV 12-08063-PCT-FJM |
|                       Petitioner,              ) | **ORDER** |
| vs.                                                ) |  |
| Charles L. Ryan, et al.,                   ) |  |
|                       Respondents.            ) |  |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 15), and petitioner's reply (doc. 18). We also have before us the report and recommendation of the United States Magistrate Judge (doc. 21), and petitioner's objections (doc. 22).

Petitioner was found guilty by a jury of resisting arrest in violation of A.R.S. § 13-2508 and was sentenced to a 3-year term of probation.

The Magistrate Judge determined that petitioner's habeas claim is procedurally defaulted and that petitioner has not established cause or prejudice, or a fundamental miscarriage of justice to overcome that default. The Magistrate Judge therefore recommends denying and dismissing the habeas petition with prejudice. We review *de novo* "any proposed finding or recommendation to which objection is made." Rule 8(b), Rules Governing § 2254 Cases.

1   A state prisoner must exhaust his remedies in state court before petitioning for a writ
2   of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A) & (c). A claim is procedurally
3   defaulted if the petitioner failed to present his federal claims to the state court, but returning
4   to state court would be futile because the state court's procedural rules would bar
5   consideration of the previously unraised claims. Teague v. Lane, 489 U.S. 288, 297-98
6   (1989). A petitioner can overcome the procedural default if he can demonstrate cause and
7   prejudice. Coleman v. Thompson, 501 U.S. 722, 732 (1991). To establish "cause," a
8   petitioner must show that "some objective factor external to the defense impeded [his] efforts
9   to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).
10  In order to show "prejudice," the petitioner must show "not merely that the errors at trial
11  created a *possibility* of prejudice, but that they worked to his *actual* and substantial
12  disadvantage, infecting his entire trial with error of constitutional dimensions." United States
13  v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

14  Alternatively, a petitioner may overcome a procedural default if he can demonstrate
15  that the failure to consider his claims on the merits will result in a "fundamental miscarriage
16  of justice." Schlup v. Delo, 513 U.S. 327 (1995). A fundamental miscarriage of justice
17  occurs if the petitioner can show that a "constitutional violation has probably resulted in the
18  conviction of one who is actually innocent." Murray, 477 U.S. at 496. The petitioner must
19  establish that it is "more likely than not that no reasonable juror would have found [him]
20  guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327.

21  Petitioner admits in his habeas petition that he did not petition the state court for post-
22  conviction relief. (doc. 1 at 3). It is further undisputed that a return to state court would be
23  futile under Arizona's procedural rules. We agree with the Magistrate Judge that petitioner
24  has demonstrated neither cause, prejudice, nor a fundamental miscarriage of justice to
25  overcome his procedural default.

26  Petitioner has shown no objective factor that impeded his ability to exhaust his state
27  remedies. His challenges to counsel's performance on appeal are unavailing because he did
28  not raise a claim of ineffective assistance of counsel in state court. See Murray, 477 U.S. at

- 2 -

1  489 (holding that a claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for a procedural default). Nor has petitioner shown that an error worked to his actual and substantial disadvantage, infecting the entire trial with constitutional error.

We also agree with the Magistrate Judge that a review of the merits of petitioner's claims is not necessary to avoid a fundamental miscarriage of justice. Although petitioner believes that "he was not under arrest, but only detained" during his altercation with the police officers, and therefore he could not have been guilty of "resisting arrest," it is undisputed that the altercation occurred in the context of the officers attempting to handcuff petitioner. An arrest occurs when a person's "freedom of movement is curtailed." State v. Cole, 172 Ariz. 590, 591, 838 P.2d 1351, 1352 (Ct. App. 1992). During the altercation, petitioner "was grabbed, pushed over, wrestled with, and shot with a Taser by uniformed officers trying to handcuff him." State v. Barker, 227 Ariz. 89, 91, 253 P.3d 286, 288 (Ct. App. 2011). Petitioner has not demonstrated that it is more likely than not that no reasonable juror would have found him guilty of resisting arrest under these circumstances.

After *de novo* consideration of the issues, we accept the recommended decision of the United States Magistrate Judge pursuant to Rule 8(b), Rules Governing § 2254 Cases.

**IT IS ORDERED DENYING** and **DISMISSING WITH PREJUDICE** the petition for writ of habeas corpus (doc. 1).

Because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, **IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

DATED this 7th day of March, 2013.

_Frederick J. Martone_
Frederick J. Martone
Senior United States District Judge